IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
Civil Action No.: 1:22-CV-00451

MARAIM RIVERA, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

CAPITAL LINK MANAGEMENT, LLC,

Defendants.

**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, MARAIM RIVERA, individually, and on behalf of all others similarly situated, by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 23, complaining of Defendant, CAPITAL LINK MANAGEMENT, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4. MARAIM RIVERA ("Plaintiff") is a natural person, who at all times relevant was domiciled in this judicial district.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. CAPITAL LINK MANAGEMENT, LLC ("CLM") is a prominent national collection agency. CLM touts itself as a "nationally licensed collection agency providing the highest quality of [compliant collection services]...."[1]

7. CLM maintains its principal place of business in Amherst, New York.

8. CLM is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting debts; (2) the principal purpose of CLM's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects debt owed to others.

## FACTUAL ALLEGATIONS

9. At some point in time, Plaintiff purchased furniture on a Wayfair credit card for personal purposes.

10. Plaintiff allegedly failed to pay the full balance on the credit card and allegedly defaulted on her credit card payments to Wayfair ("subject debt").

11. Upon information and belief, in late 2021 or early 2022, the subject debt was placed with CLM for collection.

12. On January 5, 2022, Plaintiff received a text message from CLM stating.

> Zibby, Maraim Rivera. Your account has an outstanding balance of $2,849.19 . Our client is offering monthly payment plan of $118.72, or pay $1,424.60 as a one time payment to repair your history. Please call CLM at 1 833 859 0749. From a debt collector.

---

[1] https://capitallinkmanagement.com/ (last visited January 31, 2022).

13. At the time Plaintiff received CLM's text message, she did know what debt Defendant was attempting to collect as the text message did not identify the underlying debt that CLM was attempting to collect.

14. CLM's text message created a false sense of urgency because it falsely implied that the settlement offer is one-time offer and no further offers will be forthcoming.

15. CLM deliberately designed the language contained in the text message to create a false sense of urgency and pressure Plaintiff into making a prompt payment on an unidentified debt to avoid missing out on the one-time offer.

16. Notably, CLM's text message did not contain judicially created safe harbor language pertaining to settlement offers by debt collectors such as "[w]e are not obligated to renew any offers provided," which was designed to balance the interests of consumers and debt collectors. *Evory v. RJM Acquisitions Funding, LLC,* 505 F.3d 769, 776 (7th Cir. 2007)

17. As the Seventh Circuit eloquently explained in *Evory*:

> "There is nothing improper about making a settlement offer. The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts. In fact debt collectors, who naturally are averse to instituting actual collection proceedings for the often very modest sums involved in the consumer debt collection business, frequently renew their offers if the consumer fails to accept the initial offer." *Id.* at 775.

18. Moreover, the language in the text message falsely implied that Defendant is credit reporting the unidentified debt to the credit bureaus when in fact it was not.

19. Specifically, CLM's text message stated that payment by Plaintiff would "repair [Plaintiff's] history." There is no question that CLM was referring to Plaintiff's credit history.

20. The language in CLM's text message impacted Plaintiff's decision to pay the subject debt as Plaintiff was misled into believing that (1) she would lose out on CLM's offer if she did not promptly make payment to take advantage of the offer; and (2) CLM was credit reporting the unidentified debt and that Plaintiff had to promptly accept the offer in order for CLM to remove its credit reporting.

21. The language in CLM's text message caused Plaintiff unnecessary emotional distress as it led Plaintiff to panic about how to immediately come up with funds to take advantage of the seemingly one-time offer and facilitate the removal of the subject debt from her credit reports.

22. On January 31, 2022, Plaintiff placed a call to CLM to determine what debt CLM was attempting to collect from her.

23. During this call, a CLM representative advised Plaintiff that the underlying debt was a debt allegedly owed to Wayfair.

24. Moreover, the representative falsely represented to Plaintiff that (1) CLM was a "mediation firm" retained by Wayfair to resolve the subject debt; (2) CLM sent Plaintiff "legal" documents regarding the subject debt; (3) Plaintiff would be "waiving her rights" if she did not address the subject debt.

25. CLM's false representations that it was a "mediation firm" and that it sent "legal" documents to Plaintiff were made in an effort to pressure Plaintiff into paying the subject debt..

26. Specifically, the representations were calculated to mislead Plaintiff into believing that a lawsuit has been filed against Plaintiff with respect to the subject debt.

27. As a result of CLM's false implication that a lawsuit was filed, Plaintiff suffered emotional distress as she was led to believe that her legal rights have been waived and that a judgment will be entered against her.

28. At no point during the January 31, 2022 phone call did CLM advise Plaintiff that it was a debt collector attempting to collect a debt.

## CLASS ALLEGATIONS

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Classes"), defined as follows:

### Settlement Offer Class

All persons within the United States to whom (a) within the one (1) year prior to the filing of the original complaint and during its pendency; (b) received a text message from CLM, (c) that conveyed an offer to settle a consumer debt that CLM was not credit reporting; and (d) in which CLM failed to disclose that it was not obligated to renew the offer presented in the text message.

### Mediation Firm Class

All persons within the United States to whom (a) within the one (1) year prior to the filing of the original complaint and during its pendency; (b) received a phone call from CLM; (c) in connection with the collection of a consumer debt; (d) in which CLM falsely identified itself as a "mediation firm."

31. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) CLM, CLM's subsidiaries, parents, successors, predecessors, and any entity in which CLM or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's

5

Case 1:22-cv-00451-LCB-LPA    Document 1    Filed 06/15/22    Page 5 of 11

attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against CLM have been fully and finally adjudicated and/or released.

### A. Numerosity

32. Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

33. The exact number of the members of the Putative Classes is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

34. The members of the Putative Classes are ascertainable because the class is defined by reference to objective criteria.

35. The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by CLM.

### B. Commonality and Predominance

36. There are many questions of law and fact common to the claims of Plaintiff and the Putative Classes, and those questions predominate over any questions that may affect individual members of the Putative Classes.

### C. Typicality

37. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as result of CLM's misleading conduct.

### D. Superiority and Manageability

38. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

39. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

40. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

41. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

42. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

43. Plaintiff has no interests antagonistic to those of the Putative Classes, and CLM has no defenses unique to Plaintiff.

44. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

### CLAIMS FOR RELIEF

**Count I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**
**(On behalf of Plaintiff and the Members of the Settlement Offer Class)**

45. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

46. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

47. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

48. CLM's text message violated 15 U.S.C. §§1692e and e(10) by falsely implying that (1) the offer conveyed in the text message was open for a limited amount of time when in reality it was open perpetually; and (2) Defendant was credit reporting the subject debt and that the acceptance of the offer would result in the removal of Defendant's credit reporting.

49. As set forth above, the language in CLM's text message was deliberately designed to create a false sense of urgency and pressure Plaintiff into making a prompt payment.

50. As set forth above, Plaintiff was harmed by Defendant's deceptive conduct.

**WHEREFORE**, Plaintiff, MARAIM RIVERA, on behalf of herself and the members of the Settlemetn Offer Class, requests the following relief:

A. an order granting certification of the Settlement Offer Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. a finding that CLM violated 15 U.S.C. §§1692e(2) and e(10);

C. an order enjoining CLM from further violations of 15 U.S.C. §§1692e(2) and e(10);

D. an award of any actual damages sustained by Plaintiff and the Members of the Settlement Offer Class as a result of CLM's violations;

E. an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of CLM;

G. an award of reasonable attorney's fees and costs as determined by this Court; and

H. an award of such other relief as this Court deems just and proper.

## CLAIMS FOR RELIEF

### Count II:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
### (On behalf of Plaintiff and the Members of the Mediation Firm Class)

51. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

53. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

54. CLM violated 15 U.S.C. §§1692e and e(10) by falsely representing to Plaintiff that (1) CLM was a "mediation firm" retained by Wayfair and (2) CLM sent "legal" documents to Plaintiff in an effort to pressure Plaintiff into making payment on the subject debt.

55. By representing that it was "mediation firm" and that it sent "legal" documents to Plaintiff, CLM falsely implied that a lawsuit had been filed against Plaintiff when in fact no such lawsuit was filed.

56. Section 1692e(11) of the FDCPA requires debt collectors to disclose that they are a debt collector in every communication in connection with the collection of a debt. 15 U.S.C. §1692e(11).

57. CLM violated §1692e(11) of the FDCPA by failing to disclose to Plaintiff that it was a debt collector during the January 31, 2022 call. Instead, CLM falsely represented to Plaintiff's that it was a "mediation firm."

58. As set forth above, Plaintiff was harmed by Defendant's deceptive conduct.

**WHEREFORE**, Plaintiff, MARAIM RIVERA, on behalf of herself and the members of the Mediation Firm Class, requests the following relief:

A. an order granting certification of the Mediation Firm Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. a finding that CLM violated 15 U.S.C. §§1692e(2), e(10) and e(11);

C. an order enjoining CLM from further violations of 15 U.S.C. §§1692e(2), e(10), and e(11);

D. an award of any actual damages sustained by Plaintiff and the Members of the Mediation Firm Class as a result of CLM's violations;

E. an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of CLM;

G. an award of reasonable attorney's fees and costs as determined by this Court; and

H. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Respectfully submitted, this the 15th day of June, 2022.

BY: /s/ Mohammed O. Badwan
MOHAMMED O. BADWAN
IL Bar No. 6299011
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
mbadwin@sulaimanlaw.com
T: 630-575-8180
F: 630-5575-8188
*Attorneys for Plaintiffs*

BY: /s/ Matthew R. Gambale
MATTHEW R. GAMBALE
N.C. Bar No. 43359
OSBORN GAMBALE BECKLEY & BUDD PLLC
721 W. Morgan Street
Raleigh, North Carolina 27603
matt@counselcarolina.com
T: 919.373.6422
F: 919.578.3733
*Local Civil Rule 83.1(d) Attorneys for Plaintiffs*

11